JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Data Display USA, Inc | RKO Media, LLC |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Delaware County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Clover 3 Coval, LLC
809 Easton Road, P.O. Box M
Willow Grove, PA 19090

Attorneys *(If Known)*
The Pagano Law Firm LLC
Mario Pagano-Kellsher, Esquire
115 W. State Street, Suite 401
Media, PA 19063

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☒ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original Proceeding

☒ 2   Removed from State Court

☐ 3   Remanded from Appellate Court

☐ 4   Reinstated or Reopened

☐ 5   Transferred from Another District *(specify)*

☐ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
_____

Brief description of cause:
breach of contract, unjust enrichment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 316,725.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE 01/13/14

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
   United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
   United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
   Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
   Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
   Original Proceedings. (1) Cases which originate in the United States district courts.
   Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
   Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
   Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
   Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
   Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
   Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
   Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Data Display USA Inc

               **CIVIL ACTION**

v.

RKO Media, LLC

               NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (✓)

| 01/13/14 | Marlo Pagano-Kelleher | RKO Media, LLC |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (484) 442-8750 | (484) 442-8742 | marlo@paganolawyers.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1330-3 Lincoln Ave.; Holbrook, NY 11741

Address of Defendant: 150 N. Radnor Chester Road, Radnor, PA 19087

Place of Accident, Incident or Transaction: Purchase order was mailed from Pennsylvania and accepted in New York
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐ No☐

Does this case involve multidistrict litigation possibilities?   Yes☐ No☐
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☑ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

### ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, MARco PAGANo-Kelleher , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 01/13/14   _____   84503 (PA)
                Attorney-at-Law        Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/13/14   _____   84503 (PA)
                Attorney-at-Law        Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

DATA DISPLAY USA, INC.                              :
                                                   :
                    Plaintiff,                     :
                                                   :   CIVIL ACTION NO.
        v.                                         :
                                                   :
RKO MEDIA, LLC                                     :
                                                   :
                    Defendants.                    :

## NOTICE OF REMOVAL

### TO:  THE CLERK OF THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

United States District Court
Eastern District of Pennsylvania
United States Courthouse
601 Market Street
Philadelphia, PA 19106

Pursuant to 28 U.S.C. § § 1332, 1441, and 1446, Defendant, RKO Media, LLC

(hereafter "RKO"), by its undersigned counsel, hereby remove to this Court the action filed

in the Court of Common Pleas for Delaware County, Pennsylvania styled and numbered

Data Display USA, Inc. v. RKO Media, LLC, Docket No.: 2013-11853. As set out more fully

below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because

Defendant has satisfied the procedural requirements for removal, and this Court has

subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. As and for its

Notice of Removal, Defendants state the following:

## Subject Matter Jurisdiction

1. On or about December 3, 2013, Plaintiff Data Display USA, Inc. ("Plaintiff") commenced the instant action by filing a Civil Complaint in the Court of Common Pleas for Delaware County, Pennsylvania (the "State Court Action"). A copy of the Complaint is attached as Exhibit "A."

2. Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive or interest and costs, and is between—citizens of different States...."

3. At the commencement of this action and at all times relevant hereto, Plaintiff has been a New York corporation with its principal place of business in the State of New York. *See* Compl., ¶ 1

4. At the commencement of this action and at all times relevant hereto, Defendant has been a Pennsylvania corporation with its principal place of business in the Commonwealth of Pennsylvania.

5. This action satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a)(1) as the value being litigated is in excess of $75,000, exclusive of interest and costs.

6. Plaintiff's Complaint asserts claims of breach of contract and unjust enrichment arising out of a contract for the sale of goods. *See* Complaint. Specifically, Plaintiff alleges that on or about November 28, 2012, Defendant placed an order for double-sided LED display signs and related hardware . *See* Compl., ¶ 4 Plaintiff seeks damages in the amount of $316,725.00. *See* Compl., ¶ 23.

7.     Based upon the damages claimed by Plaintiff, the amount in controversy is in excess of the $75,000.00 jurisdictional requirement of 28 U.S.C. § 1332, exclusive of interest and costs.

## Removal Jurisdiction

8.     This action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

9.     Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(b) further provides that "such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought."

10.    As demonstrated below, this action is removable under 28 U.S.C. §§ 1441 (a) and (b) in that the district court has original jurisdiction under 28 U.S.C. § 1332, i.e., diversity jurisdiction, and because Plaintiff is not a citizen of Pennsylvania, the State in which the action initially was brought.

11.    This action initially was brought in the Court of Common Pleas for Delaware County, Pennsylvania. The Eastern District of Pennsylvania is the judicial district embracing Delaware County, the place where the State Court Action was brought, and, therefore, is the proper district court to which this case should be removed. See 28 U.S.C. §§ 1441(a), 1446(a).

12.    Plaintiff served Defendant via counsel with a copy of the Complaint on or about December 17, 2013.

13. Plaintiff by and through its undersigned counsel signed an Acceptance of Service of Complaint on Behalf of Defendant on or about December 17, 2013.

14. Pursuant to 28 U.S.C. § 1446(b), this removal is timely because 30 days have not elapsed since the Complaint was served on Defendant on December 17, 2013.

15. Pursuant to 28 U.S.C. § 1446(a), Defendant is simultaneously filing with this Notice copies of all process, pleadings, orders, and other papers or exhibits of every kind existing on file in the Court of Common Pleas for Delaware County, Pennsylvania, in this removal action. Furthermore, pursuant to 28 U.S.C. § 1446(d), Defendants are filing a true and correct copy of this Notice of Removal with the Office of Judicial Support of the Court of Common Pleas for Delaware County, Pennsylvania. A copy of the Notice of Filing the Notice of Removal is attached as Exhibit "B."

WHEREFORE, Defendant respectfully removes this action from the Court of Common Pleas of Delaware County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully Submitted,

THE PAGANO LAW FIRM

BY: _____

Marlo Pagano-Kelleher, Esquire
Attorney I.D. No.: 84503
115 W. State Street; Suite 401
Media, PA 19063
T: (484) 442-8750
F: (484) 442-8742
*Attorney for Defendant*

Date: 1/13/14

## CERTIFICATE OF SERVICE

I, Marlo Pagano-Kelleher, hereby certifies that a copy of the foregoing Notice of

Removal has been served on opposing counsel via First Class Mail this __13__ day of

January 2014, as follows:

Christopher P. Coval, Esquire
CLOVER & COVAL, LLC
809 Easton Road
P.O. Box M
Willow Grove, PA 19090

Marlo Pagano-Kelleher

EXHIBIT A

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet

DELAWARE _____ County

| For Prothonotary Use Only: |
| Docket No: |
| 13-11853 |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking

| Lead Plaintiff's Name: DATA DISPLAY USA, INC. | Lead Defendant's Name: RKO MEDIA, LLC |

Are money damages requested? ☒ Yes ☐ No

Dollar Amount Requested: (check one)
☐ within arbitration limits
☒ outside arbitration limits

Is this a *Class Action Suit?* ☐ Yes ☒ No        Is this an *MDJ Appeal?* ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: CHRISTOPHER P. COVAL, ESQ.

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** (do not include Mass Tort)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (does not include mass tort)
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** (do not include Judgments)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☒ Debt Collection: Other
  Goods sold and delivered
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other _____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other _____
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

*Updated 1/1/2011*

## IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
### CIVIL ACTION - LAW

DATA DISPLAY USA, INC.                      :
1330-2 Lincoln Avenue                       :
Holbrook, NY 11741                          :
                                            :
       VS.                            : NO.
                                            :
RKO MEDIA, LLC                              :
150 N. Radnor Chester Rd.                   :
Radnor, PA 19087                            : CIVIL ACTION

### NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the Claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER:

Lawyer Reference Service
Front And Lemon Streets
Media, PA 19063
610-566-6625

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Christopher P. Coval, Esquire
Attorney I.D. #93688
CLOVER & COVAL, LLC
809 Easton Road
P.O. Box M
Willow Grove, PA 19090
215-659-2600

*FILED*
*2013 DEC -3 AM 11: 02*

ATTORNEY FOR PLAINTIFF
DATA DISPLAY USA, INC.

| | |
|---|---|
| DATA DISPLAY USA, INC.<br>1330-2 Lincoln Avenue<br>Holbrook, NY 11741 | : IN THE COURT OF COMMON PLEAS<br>: DELAWARE COUNTY, PENNSYLVANIA<br>:<br>: |
| VS. | : NO.<br>: |
| RKO MEDIA, LLC<br>150 N. Radnor Chester Rd.<br>Radnor, PA 19087 | :<br>:<br>: CIVIL ACTION |

## COMPLAINT

Plaintiff, Data Display USA, Inc., by and through its attorney, Christopher P. Coval, Esquire, by way of Complaint against Defendant, RKO Media LLC, avers as follows:

## COUNT I

1.     Plaintiff, Data Display USA, Inc., is a New York corporation with its principal office and place of business located at 1330-2 Lincoln Avenue, Holbrook, NY 11741.

2.     Defendant, RKO Media LLC, is a limited liability company organized under the laws of the Commonwealth of Pennsylvania with its principal office and place of business located at 150 N. Radnor Chester Road, Radnor, Delaware County, Pennsylvania 19087.

3.     Plaintiff is in the business of manufacturing and supplying electronic information displays, including LED & LCD signage.

4.     On or about November 28, 2012, Defendant issued Purchase Order #8843 to Plaintiff, ordering twelve (12) double-sided LED displays and related hardware to be delivered to

SEPTA, a true and correct copy of which is attached hereto as Exhibit "A" and fully incorporated herein.

5.      The agreed upon purchase price was $396,300.00.

6.      Plaintiff delivered these displays to SEPTA in May 2013, and on or about June 25, 2013, SEPTA received final delivery of all hardware under Purchase Order #8843.

7.      SEPTA accepted all of the displays and hardware shipped under Purchase Order #8843, and SEPTA paid Defendant in full for these goods.

8.      Nonetheless, Defendant has failed to remit payment to Plaintiff for the balance owed under Purchase Order #8843, which is $246,300.00.

9.      Despite demand and without any justification, Defendant refuses to pay Plaintiff the sum of $246,300.00, which remains due and owing for goods delivered and accepted under Purchase Order #8843.

10.     On or about March 12, 2013, Defendant issued Purchase Order #7025 to Plaintiff, ordering four (4) graphic displays and related hardware to be delivered to the New York City Transit Authority ("MTA"), a true and correct copy of which is attached hereto as Exhibit "B" and fully incorporated herein.

11.     The agreed upon purchase price was $80,425.00.

12.     Plaintiff delivered these displays to the MTA on or about June 5, 2013.

13.     The MTA accepted all of the displays and hardware shipped under Purchase Order #7025, and the MTA paid Defendant in full for these goods.

14.     Nonetheless, Defendant has failed to remit payment to Plaintiff for the balance owed under Purchase Order #7025, which is $70,425.00.

15.     Despite demand and without any justification, Defendant refuses to pay Plaintiff the sum of $70,425.00, which remains due and owing for goods delivered and accepted under Purchase Order #7025.

16.     At all times, Defendant was satisfied with Plaintiff's products, and Defendant even requested quotes from Plaintiff for another project with SEPTA on October 21, 2013.

17.     Due to nonpayment under Purchase Order Nos. 7025 and 8843, Plaintiff declined Defendant's request for additional quotes.

18.     Plaintiff has complied with all conditions precedent to recovery of payment for the goods sold and delivered under these purchase orders.

19.     Defendant owes Plaintiff the total sum of $316,725.00 under Purchase Order Nos. 7025 and 8843, plus all pre-judgment and post-judgment interest.

20.     A true and correct statement showing the amounts owed by Defendant is attached hereto as Exhibit "C" and incorporated herein.

WHEREFORE, Plaintiff, DATA DISPLAY USA, INC., prays the Court enter judgment in its favor and against Defendant, RKO MEDIA, LLC, in the principal amount of $316,725.00, plus pre-judgment and post-judgment interest, and the costs of this action.

## COUNT II (in the alternative)

21.     The allegations of ¶¶1 through 18 above are incorporated by reference as if fully set forth herein.

22.     The goods delivered by Plaintiff under Purchase Order Nos. 7025 and 8843 were provided at Defendant's request.

23.     Defendant has been unjustly enriched in the amount of $316,725.00, which has been paid to Defendant by SEPTA and the MTA for these goods.

3

24.     Defendant would be unjustly enriched in the amount of $316,725.00 if it were allowed to keep the payments from SEPTA and the MTA for these goods without making payment to the Plaintiff, who supplied these products.

WHEREFORE, Plaintiff, DATA DISPLAY USA, INC., prays the Court enter judgment in its favor and against Defendant, RKO MEDIA, LLC, in the principal amount of $316,725.00, plus pre-judgment and post-judgment interest, and the costs of this action.

CLOVER & COVAL, LLC

BY: _____
CHRISTOPHER P. COVAL, ESQUIRE
Attorney for Plaintiff,
Data Display USA, Inc.

Date: 12/2/13

4

*Data Display USA, Inc. v. RKO Media LLC*

## VERIFICATION

Michael Welsh verifies that he is Chief Executive Officer of Data Display USA, Inc., the Plaintiff named in the foregoing Complaint, is authorized to make this Verification on its behalf, and that all facts set forth therein true and correct to the best of his knowledge, information, and belief. He also verifies that he understands that the statements therein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

MICHAEL WELSH

DATE: 11/26/13

EXHIBIT "A"

# RKO MEDIA LLC

## PURCHASE ORDER

| Bill To: | Ship To: |
|---|---|
| RKO MEDIA LLC | SEPTA -Liberty Yard S828843 |
| 150 N. Radnor Chester Road Suite F-200 | 4400 Clarrisa Street |
| Radnor, Pa 19087 | Philadelphia, Pa 19144 |
| | Attention: Rob Ruffin |

Purchase Order #: 8843

Date: Nov28, 2012

Data Display USA, Inc

5004 Veterans Memorial Highway

Holbrook ,NY 11741

Tel 631-218-2130 x40

**NOTE:**

1. Please send two copies of your invoice if possible
2. Enter this order in accordance with the specifications listed below.
3. Please notify us immediately if you are unable to ship as specified:
   RKO MEDIA LLC
   150 N. Radnor Rd. Ste. F-200 Radnor, Pa 19087
   **Phone:** 610.527.2700 / **Fax:** 610.527.2774

| Req By | Ship When | Ship Via | Buyer | Terms |
|---|---|---|---|---|
| 01/13/2013 | | Best | RKO MEDIA LLC | Net 30/ $200K POD |

| Quantity | Item | Description | Unit Price | Total |
|---|---|---|---|---|
| 12 | Sign | Double Sided Full Color Display Sign 256 x96 | $31,435.00 | $377220.00 |
| | | Item No. FGB256.96.0 | | |
| 12 | Mount kits | Mounts , Brackets ,And Kit For Top and Bottom Mounts, Including All Hardware For Installation | $1590.00 | $19080.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| | |
|---|---|
| Subtotal | $396,300.00 |
| Tax | n/a |
| Shipping | n/a |
| Misc | n/a |
| Balance | $396,300.00 |



150 N. Radnor Chester
Rd. Ste. F-200
Radnor, Pa 19087

**Phone:**
(610) 527.2700
**Fax:**
(610) 527.2774
**E-mail:**
scott@rkomedia.net

Scott Shanks                                11.28.12

**Authorized by:** _____          **Date:** _____

EXHIBIT "B"

# RKO MEDIA LLC

## PURCHASE ORDER

**Bill To:**

RKO MEDIA LLC
150 N. Radnor Chester Road Suite F-200
Radnor, Pa 19087

**Ship To:**

DELIVERY LOCATION:
NYCT AUTHORITY
ATTN: ROBERT RIVERA
2 BROADWAY - RM. D10.17
NEW YOURK, NY 10004
646-252-4813

Purchase Order #: 7025

Date: 3/12/2013

Data Display USA, Inc

5004 Veterans Memorial Highway

Holbrook, NY 11741

Tel 631-218-2130 x40

**NOTE:**

1. Please send two copies of your invoice if possible
2. Enter this order in accordance with the specifications listed below.
3. Please notify us immediately if you are unable to ship as specified:
   RKO MEDIA LLC
   150 N. Radnor Rd. Ste. F-200 Radnor, Pa 19087
   **Phone:** 610.527.2700 / **Fax:** 610.527.2774

| Req By | Ship When | Ship Via | Buyer | Terms |
|---|---|---|---|---|
| 04/04/2013 | ASAP | Best | RKO MEDIA LLC | Net 30 |

| Item # | Qty. | Item Description | Unit Cost | Total Item |
|---|---|---|---|---|
| | | FGB256.64.06 MC.ID.SS.DC | | |
| FGB256.64.06 MC.ID.SS.DC | 3 | Graphic Board: Variable 1 to 4 lines | $19,275.00 | $57,825.00 |
| | | Character Height: Variable 15.12" to 1.65" | | |
| | | Number of Characters: Variable 7 to 42 | | |
| | | Brightness: Indoor | | |
| | | LED Matrix: 256x64 | | |
| | | LED Color: Multi-Color: Red, Amber, Green, Black | | |
| | | Total Number of LEDs: 32,768 | | |
| | | Dimming: Auto dimming according to ambient lighting | | |
| | | Viewing distance: 0 to 750 feet | | |
| | | Viewing Angle: 70 degrees | | |
| | | Operating temperature: -25C to +55C | | |
| | | Data Input: RS232 / RS485 | | |
| | | Housing Material: Single sided fabricated aluminum. With front face | | |
| | | opening on hinged doors with locks. Hinged and Gas Strut PCB Plate | | |

| | | | | |
|---|---|---|---|---|
| | | Housing Color: Black | | |
| | | Approximate size: See Drawing | | |
| | | Mounting: Universal Mounting Via welded rail system on top | | |
| | | | | |
| | | **FGB176.32.06 MC.ID.SS.DC** | | |
| FGB176.32.06 MC.ID.SS.DC | 1 | Graphic Board: Variable 1 to 2 lines | $10,190.00 | $10,190.00 |
| | | Character Height: Variable 7.55" to 1.65" | | |
| | | Number of Characters: Variable 7 to 29 | | |
| | | Brightness: Indoor | | |
| | | LED Matrix: 176x32 | | |
| | | LED Color: Multi-Color: Red, Amber, Green, Black | | |
| | | Total Number of LEDs: 11,264 | | |
| | | Dimming: Auto dimming according to ambient lighting | | |
| | | Viewing distance: 0 to 400 feet | | |
| | | Viewing Angle: 70 degrees | | |
| | | Operating temperature: -25C to +55C | | |
| | | Data Input: RS232 / RS485 | | |
| | | Housing Material: Single sided fabricated aluminum. With front face | | |
| | | opening on hinged doors with locks. Hinged and Gas Strut PCB Plate | | |
| | | for ease of service. | | |
| | | Housing Color: Black | | |
| | | Approximate size: See Drawing | | |
| | | Mounting: Universal Mounting Via welded rail system on top | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | **External Harting connection** | | |
| HRTN-NYCT | 4 | External Harting connection with 10 foot Whip for power and data | $380.00 | $1,520.00 |

| | | Mounting Brackets | | |
|---|---|---|---|---|
| DD.MB-F | 24 | Part F Mount | $210.00 | $5,040.00 |
| DD.MB-A | 12 | Part A Mount | $145.00 | $1,740.00 |
| DD.MB-L | 12 | Part L- Bracket of CIS Wall Mounting Bracket Assembly Fabricated and | $215.00 | $2,580.00 |
| | | Finished to Drawing specifications. Material 2" x 2" x.250 Square Steel | | |
| | | tubing. Finish: 2 part yellow Zinc Chromate process with Black (textured) | | |
| | | polyester electrostatic power coating. | | |
| DD.HW-Kit | 36 | Miscellaneous hardware kits for above brackets | $42.50 | $1,530.00 |
| | | | | |
| | | | | $80,425.00 |
| | | | | |
| | | | | |
| | | Included with ALL units | | |
| | | One year factory warranty on all electronic parts | | |
| | | Outdoor NEMA 4X Rated Housing | | |
| | | Tamper Proof locks | | |
| | | Protocols for Management system | | |
| | | Conformal Coated PCBs | | |
| | | Hinged Display plate for easy maintenance | | |
| | | Internal Circuit breaker | | |
| | | | | |
| | | | | |
| | | FOB | | |
| | | | | |

Scott Shanks                          03.12.13

**Authorized by:**                          **Date:**

EXHIBIT B

Marlo Pagano-Kelleher, Esquire
Attorney I.D. No. 84503
THE PAGANO LAW FIRM, LLC
115 West State Street; Suite 401
Media, PA 19063
T: (484) 442-8750
F: (484) 442-8742

## IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA

### CIVIL ACTION – LAW

DATA DISPLAY USA, INC.                    :
                                          :
                    Plaintiff,            :     No.: 2013-11853
                                          :
        v.                                :
                                          :
RKO MEDIA, LLC                            :
                                          :
                    Defendant.            :

## NOTICE OF FILING NOTICE OF REMOVAL

## TO THE OFFICE OF JUDICAL SUPPORT:

PLEASE TAKE NOTE that a Notice of Removal of the above-captioned action has

been filed with the United States District Court for the Eastern District of Pennsylvania,

pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, containing a statement of facts which

shows that this matter may be removed.

A copy of said Notice of Removal is attached hereto.

Respectfully submitted,

THE PAGANO LAW FIRM

BY: _____
Marlo Pagano-Kelleher, Esquire
Attorney for Defendant

## CERTIFICATE OF SERVICE

I, Marlo Pagano-Kelleher, hereby certifies that a copy of the foregoing Notice of

Filing Notice of Removal has been served on opposing counsel via First Class Mail this

_____15_ day of January 2014, as follows:

Christopher P. Coval, Esquire
CLOVER & COVAL, LLC
809 Easton Road
P.O. Box M
Willow Grove, PA 19090

Marlo Pagano-Kelleher